Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAZEL MCPHERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: ______________<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

HAZEL MCPHERSON
200 Bluebell Drive
Jackson, New Jersey 08527

CONVERGENT OUTSOURCING, INC.
800 SW 39th Street, Suite #100
Renton, Washington 98057

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, CONVERGENT OUTSOURCING, INC.

("CONVERGENT OUTSOURCING") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

6. Plaintiff is a natural person, a resident of Ocean County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT OUTSOURCING maintains a location at 800 SW 39th Street, Suite #100, Renton, Washington 98057.

8. CONVERGENT OUTSOURCING uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CONVERGENT OUTSOURCING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from CONVERGENT OUTSOURCING (*See* **Exhibit A)**, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

i. Whether the Defendants violated various provisions of the FDCPA;

ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to June 10, 2019, Plaintiff allegedly incurred a financial obligation to SYNCHRONY BANK – PAY ME LATER ("SYNCHRONY BANK").

19. Plaintiff allegedly incurred the SYNCHRONY BANK obligation in connection with a credit card account or loan.

20. The SYNCHRONY BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the SYNCHRONY BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The SYNCHRONY BANK obligation did not arise out of a transaction that was for non-personal use.

23. The SYNCHRONY BANK obligation did not arise out of a transaction that was for business use.

24. The SYNCHRONY BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. SYNCHRONY BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before June 10, 2019, the SYNCHRONY BANK obligation was referred to CONVERGENT OUTSOURCING for the purpose of collection.

27. At the time the SYNCHRONY BANK obligation was referred to CONVERGENT OUTSOURCING the SYNCHRONY BANK obligation was past due.

28. At the time the SYNCHRONY BANK obligation was referred to CONVERGENT OUTSOURCING the SYNCHRONY BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated June 10, 2019, which was addressed to Plaintiff and sought a balance of $3,529.60 on the SYNCHRONY BANK

obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The June 10, 2019 letter was sent to Plaintiff in connection with the collection of the SYNCHRONY BANK obligation.

31. The June 10, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The June 10, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the June 10, 2019 letter.

33. Upon receipt, Plaintiff read the June 10, 2019 letter.

34. The June 10, 2019 letter stated in part:

> We are willing to satisfy your account for 50% of your total balance. **The full amount must be received in our office within 60 days of this letter.** (emphasis added).
>
> **We are not required to make this opportunity available to you in the future.** (emphasis added).
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
>
> NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

35. At the top of the reverse side of the June 10, 2019 letter, it stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing

> at PO Box 9004, Renton WA 98057 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

36. This notice is mandated by 15 U.S.C.1692g(a)(1) through (5) ("Validation Notice").

37. Immediately after providing the Validation Notice, the June 10, 2019 letter stated:

> Notice about Electronic Check Conversion: **When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account** or to process your payment as a check transaction. **When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution.** Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid. (emphasis added)

38. Defendant's request for payment within the "30 day dispute period" coupled with the "warning" that checks would be deposited immediately and not returned without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the Validation Notice ineffective.

39. Without the inclusion of a "reconciling statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

40. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

41. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection

letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

42. Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

43. Defendant's June 10, 2019 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

44. CONVERGENT OUTSOURCING knew or should have known that its actions violated the FDCPA.

45. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

47. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

48. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

51. Defendant's letters would cause the least sophisticated consumer to be confused about his or her right to dispute the debt in light of with Defendant's demand for payment within the "30 day dispute period".

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

53. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

55. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer..

56. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

58. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3) and (4).

59. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

60. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

61. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

63. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

64. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

65. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 3, 2019

Respectfully submitted,

By: *s/ Ben A. Kaplan*

Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 3, 2019

*s/ Ben A. Kaplan*

Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff